**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLARENCE PITTMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BEENVERIFIED, LLC.<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Clarence Pittman ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant BeenVerified, LLC ("BeenVerified" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

<u>**NATURE OF ACTION**</u>

1.     Defendant owns and operates a website that sells background reports on people to the general public.

2.     Defendant sells its reports on its website: www.beenverified.com.

3.     Upon accessing BeenVerified's website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage.

4.     After entering this information, any public user of BeenVerified's website is provided with a listing of search results.  Each search result corresponds to an actual person that BeenVerified has located who matches the name provided by the public user.

5.     These search results provide a limited, free preview of Defendant's reports.  As shown in the images below, this free preview includes the searched individual's name, age, current and former cities, the searched individual 's relatives, and other identifying information:



6.      See below for other examples:





7.      As shown in the above, BeenVerified's free previews provides enough information to identify an individual.

8.      The purpose behind BeenVerified's free preview is singular: to entice users to purchase Defendant's services.  These services include "Court Records" and "Criminal Records" relating to individuals on its database.

3

9.      Defendant uses these free previews to advertise its monthly subscription services whereby a user can access and retrieve a "Search Report" or "Background Report" on any individual in its database.

10.      In order for a user to view a person's "Profile" or other background histories generated by the Defendant, a user needs to purchase Defendant's services.  Searching for an individual a Defendant's website leads users to a pay screen which presents them with an option to pay for BeenVerified's report and monthly subscription services.

11.      BeenVerified's most popular monthly subscription for Background Reports costs $26.89 per month to access and search anyone on its database.

12.      BeenVerified's monthly subscription allows users to obtain background reports using its services on an unlimited number of individuals per month.

13.      BeenVerified's monthly subscription for Search Reports allows users to access information like current residence and phone number.

14.      Defendant compiles and generates the content it sells on its website.  According to Defendant: "We compile federal, state, county and local databases including courts and police records. Criminal Records are found based on availability."

15.      Ohio's Right of Publicity law states that: "a person shall not use any aspect of an individual's persona for a commercial purpose."  OH ST § 2741.02

16.      Neither Plaintiff nor class members provided Defendant with written consent to use their identities in Defendant's advertisements.  As detailed above, BeenVerified uses class members' identities to advertise its for-profit services.  Thus, Defendant violates Ohio Revised Code Sec. 2741.01, *et. seq.*

17.      It would be simple for Defendant to maintain its business model while still complying with state law.  For example, Defendant could merely display the names of the searched individuals without using the searched individual's identities to market an unrelated service.

18.     BeenVerified knowingly searches and obtains private and public records and/or identifying information on Ohio residents.  Indeed, this lawsuit revolves around Defendant's business practice of acquiring identifying information about Ohio residents with the specific intent of selling that information to its customers.

19.     Additionally, BeenVerified directly sell its services to consumers in Ohio.

## PARTIES

20.     Plaintiff Clarence Pittman is a citizen of Ohio who resides in Mount Orab, Ohio.

21.     Defendant BeenVerified, LLC is a Delaware limited liability company corporation with its principal place of business located in New York, New York.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, are citizens of states different from BeenVerified.

23.     This court has specific personal jurisdiction over Defendant because BeenVerified maintains its principal place of business in this district.

24.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and Defendant is at home in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

25.     Plaintiff Clarence Pittman discovered that BeenVerified uses his name, age, city of domicile, and the identity of his relatives in advertisements on the BeenVerified website to advertise and/or actually sell Defendant's products and services.  These advertisements were the same or substantially similar to those shown in Paragraphs 5 and 6.

26.     Plaintiff Pittman believes that it is reasonable for others to identify him because Defendant's advertisements include accurate details about him.

27.     Indeed, Plaintiff can confirm that the individual Defendant identified in paragraph 5 is himself.

28.     Plaintiff never provided BeenVerified with consent to use any attribute of his identity in any advertisement or for any commercial purposes.

29.     Plaintiff is not and has never been a BeenVerified customer.  He has no relationship with BeenVerified whatsoever.

30.     As the subject of a commercial transaction, Plaintiff's personal identifiable information disclosed by Defendant has economic value.  These aspects of Plaintiff's identity are valuable to online advertisers among others.

31.     Plaintiff has not been compensated by BeenVerified in any way for its use of his identity.

## CLASS REPRESENTATION ALLEGATIONS

32.     Plaintiff seeks to represent a class defined as all Ohio residents who have appeared in an advertisement preview for a BeenVerified report (the "Class").

33.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the millions.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

34.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

        a.   Whether BeenVerified uses class members' names and identities in advertisements for its own commercial benefit;

b. Whether the conduct described herein constitutes a violation of Ohio Revised Code Sec. 2741.01, *et seq.;*

c. Whether Plaintiff and the class are entitled to injunctive relief; and

d. Whether Defendant violated the privacy of member of the class.

35. The claims of the named Plaintiff are typical of the claims of the Class.

36. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

37. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

**COUNT I**
**Violation of Ohio Revised Code Sec. 2741.01,** *et. seq.*

38. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

39.     Plaintiff brings this claim individually and on behalf of the members of the Class.

40.     Ohio Revised Code Sec. 2741.01, *et. seq.,* prohibits using an individual's name for advertising or soliciting the purchase of products or services without written consent.

41.     As shown above, Defendant used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

42.     The aspects of Plaintiff's persona that Defendant uses to advertise its product has commercial value.

43.     Plaintiff is domiciled in Ohio.

44.     Defendant had knowledge that Plaintiff's persona was being used in an advertisement without authorization.

45.     Based upon Defendant's violation of Ohio Revised Code Sec. 2741.01, *et. seq.*, Plaintiff and class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff's and members of the class' names and any attributes of their identities to advertise its products and services, (2) statutory damages in the amount of between $2,500 and $10,000 per violation to the members of the class, (3) an award of punitive damages or exemplary damages, and (4) an award of reasonable attorney's fees, court costs, and reasonable expenses under OH ST § 2741.07.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.      For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b.      For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.       For an order finding in favor of Plaintiff and the Class on all counts asserted

         herein;

d.       For compensatory, statutory, and punitive damages in amounts to be determined

         by the Court and/or jury;

e.       For prejudgment interest on all amounts awarded;

f.       For an order of restitution and all other forms of equitable monetary relief;

g.       For all injunctive relief the court finds appropriate; and

h.       For an order awarding Plaintiff and the Class their reasonable attorneys' fees and

         expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.


Dated: April 20, 2021                    Respectfully submitted,

                                         **BURSOR & FISHER, P.A.**

                                         By:    */s/ Philip L. Fraietta*
                                                   Philip L. Fraietta

                                         Philip L. Fraietta
                                         888 Seventh Avenue
                                         New York, NY 10019
                                         Tel:  (646) 837-7150
                                         Fax: (212) 989-9163
                                         E-Mail:  pfraietta@bursor.com

                                         *Attorney for Plaintiff*


9